UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00088-JAW-1 |
| | ) | |
| DAMIAN PERRY | ) | |

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

On February 17, 2024, Damian Perry moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, contending that his sentence violated the Double Jeopardy Clause and asserting ineffective assistance of counsel. *Mot. to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody* (ECF No. 137).[1] On April 1, 2024, the United States Magistrate Judge ordered the United States Attorney (Government) to file an answer. *Order to Answer* (ECF No. 138). The Government opposed Mr. Perry's habeas petition on July 12, 2024. *Gov't's Resp. to Pet'r's Mot. Pursuant to 28 U.S.C. § 2255* (ECF No. 148). Mr. Perry replied on August 6, 2024, which was entered on the docket on August 13, 2024. *Pet'r's Resp. to Gov't's Resp.* (ECF No. 149).

On October 29, 2024, the Magistrate Judge submitted his Recommended Decision. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 150) (*Rec. Dec.*).

---

[1] The ECF docket indicates that Mr. Perry's motion was not filed until March 29, 2024. However, the prison mailbox rule controls the date of filing of incarcerated individuals' filings under 28 U.S.C. § 2255. *See Morales-Rivera v. United States*, 184 F.3d 109, 109-10 (1st Cir. 1999) ("We hold that a *pro se* prisoner's motion under 28 U.S.C. § 2255 . . . is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail"). Mr. Perry dated his motion February 17, 2024. *Pet'r's Mot.* at 13. The Court therefore adopts February 17, 2024 as the date of filing.

After analyzing the arguments presented by Mr. Perry and the Government, the Magistrate Judge recommended the Court deny Mr. Perry's motion for habeas relief under 28 U.S.C. § 2255 and decline to grant an evidentiary hearing. *Id*. at 12. The Magistrate Judge further recommended denying a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Cases. *Id*. Neither Mr. Perry nor the Government objected to the Recommended Decision.

On January 17, 2025, then President Joseph R. Biden Jr. announced the commutation of Mr. Perry's sentence, setting his term of imprisonment to expire on July 16, 2025. *See* Pres. Joseph R. Biden Jr., Executive Grant of Clemency at 24, 34 (Jan. 17, 2025 https://www.justice.gov/pardon/media/1385601/dl?inline) (*Grant of Clemency*). The Executive Grant of Clemency states that "[f]or any individual that has a term of supervised release or other components of the sentence, I leave intact and in effect the term of supervised release imposed by the court with all its conditions and all other components of the sentence." *Id.* at 24.

As an initial matter, the Court concludes President Biden's grant of clemency does not moot Mr. Perry's pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Under the terms of President Biden's commutation, Mr. Perry will remain incarcerated until July 16, 2025, at which time he will begin the five-year term of supervised release on Count One and a one-year term of supervised release on Count Two, to be served concurrently, prescribed at his original sentencing. *See J.* at 3 (ECF No. 109); *Grant of Clemency* at 24. Even with the commutation, Mr. Perry remains incarcerated at the moment and, therefore, Mr.

2

Perry remains "in custody" within the meaning of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released. . ..").

Moreover, even if the case continues beyond Mr. Perry's release on July 16, 2025, President Biden's commutation makes it clear that he will be on supervised release and the caselaw of this district is equally clear that a person subject to a term of supervised release remains "in custody" and thus eligible to bring a § 2255 motion. *See Gignac v. United States*, Nos. 2:95-cr-00075-DBH, 2:14-cr-00546-DBH, 2015 U.S. Dist. LEXIS 14880, at *4 (D. Me. Feb. 6, 2015), *aff'd* 2015 U.S. Dist. LEXIS 28683 (D. Me. Mar. 4, 2015) ("A petitioner who is serving a term of supervised release is 'in custody' for purposes of section 2255"); *accord United States v. Gordon*, No. 1:19-cr-00007-JAW, 2025 U.S. Dist. LEXIS 1445, at *7 n.1 (D. Me. Jan. 6, 2025).

Other courts confronted with the effect of executive clemency on a defendant's § 2255 motion have similarly reached the merits of such motions when the defendants remained subject to supervised release. *See, e.g.*, *Amaker v. United States*, No. 1:16-05512, 2017 U.S. Dist. LEXIS 40643, at *5-6 & n.2 (S.D. W. Va. Feb. 15, 2017) (holding, for a defendant whose sentence of imprisonment was commuted by an executive grant of clemency but term of supervised release left intact, "her Section 2255 Motion will not be rendered moot by her release from prison as she will be placed on supervised release"); *United States v. Boyd*, No. CR 06-28-BLG-SPW, 2021 U.S. Dist. LEXIS 53669, at *2 (D. Mont. Mar. 22, 2021) (considering the § 2255 motion of

a defendant whose prison sentence had been commuted and was on supervised release).

Turning to the merits of Mr. Perry's motion, the Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concludes the Magistrate Judge's twelve-page Recommended Decision is well-reasoned, and the Court agrees with its conclusion that Mr. Perry pressed the Double Jeopardy issue on appeal, such that it would be improper for the Court to review this issue again by way of 28 U.S.C. § 2255 motion. *Id.* at 6-8 (citing *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994)). The Magistrate Judge quoted *Singleton*, "under the law of the case doctrine, 'issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion,'" *Rec. Dec.* at 6 (*Singleton*, 26 F.3d at 240), and in *United States v. Perry*, 49 F.4th 33 (1st Cir. 2022), the First Circuit extensively discussed and expressly rejected Mr. Perry's double jeopardy arguments. *Id.* at 39-41.

The Court also reaches the same conclusion as the Magistrate Judge as to Mr. Perry's claim of ineffective assistance of counsel regarding First Step Act credits, as the Petitioner has failed to present evidence that his attorney's performance was deficient or prejudiced the outcome of his case. *Rec. Dec.* at 8-11.

At bottom, the Court concurs with the recommendations of the United States Magistrate Judge in full, for the reasons set forth in his Recommended Decision as

4

well as those discussed above, and determines that no further proceedings are necessary. Therefore:

1. The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 150).

2. The Court <u>DENIES</u> Damian Perry's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF Nos. 137).

3. The Court <u>DENIES</u> a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2025